WRENN BENDER LLLP
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Tel.: (949) 202-5818
E-Mail: amckown@wrennbender.com
pzecchini@wrennbender.com

Attorneys for Defendants
GODADDY.COM, INC. and DOMAINS BY PROXY, INC.

Filed
AUG 22 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. Misc<br><br>[USDC Central District Case No: CV10-3738-ABC (CW)]<br><br>**GODADDY.COM, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS AND DEPOSITION TESTIMONY FROM NON-PARTY GOOGLE, INC.**<br><br>**Hearing**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br>Judge: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date, time, and location to be determined by the Court, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, GoDaddy.com, Inc. ("Go Daddy") shall and hereby does move the Court for an order compelling Google, Inc. ("Google") to: (1) produce documents in response to Go Daddy's Subpoena to Produce Documents; and (2) produce a witness to testify on the topics in response to Go Daddy's Notice of 30(b)(6) Deposition of Google, Inc.

## I. **RELIEF REQUESTED**

In order to obtain discovery necessary to Go Daddy's defense of the lawsuit filed by the Academy of Motion Picture Arts and Sciences ("AMPAS") in the U.S. District Court of the Central District of California, Case No. 2:10-cv-03738-ABC-CW, and pursuant to Federal Rule of Civil Procedure 45, Go Daddy seeks an order compelling Google to produce by no later than September 20, 2012, or as soon thereafter as the Court shall determine, the following categories of documents responsive to Go Daddy's discovery requests, as set forth in the Subpoena for Production of Documents on Google, Inc., served on Google by Go Daddy on June 27, 2012, which can generally be categorized as follows:

- Documents relating to Google's decisions to fail list websites or parked pages for the domains at issue in this case.
- Documents relating to the revenue Google has earned from its Go Daddy's parked page programs, including revenues earned from the specific domain names at issue.
- Documents relating to Google's policies, procedures, rules, and regulations relating to its AdSense program.
- Documents relating to Google's policies and filtration processes to filter domain names that potentially infringe another's trademarks

1

before selecting and placing ads on Go Daddy's parked pages.

· Documents relating to Google's relationship with AMPAS.

In addition, Go Daddy seeks an order compelling Google to produce by no later than September 27, 2012, or as soon thereafter as the Court shall determine, a witness to testify as to all topics set forth in the Rule 30(b)(6) deposition subpoena, served on Google by Go Daddy on June 27, 2012, as well as any topics relevant to the documents ordered to be produced by this Court.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Google must make a complete production by September 27, 2012, of all readily accessible materials in Google's possession, custody, and control responsive to the identified document requests at issue in the present motion pursuant to the subpoena for documents served upon it on June 27, 2012.
2. Whether Google must provide a witness or witnesses for testimony by September 27, 2012, regarding each of the identified topics at issue in the present motion pursuant to the Rule 30(b)(6) deposition subpoena served upon it on June 27, 2012.

## III. GO DADDY'S CIVIL LOCAL RULE 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Go Daddy's subpoenas and accompanying discovery requests to Google that are the subject of this motion are set forth in full below, with Google's corresponding objections. Google did not, however, answer or object to any request individually, as it should have done. Rather, it merely sent a letter to counsel for Go Daddy objecting broadly to all production and deposition topic requests. Thus, Go Daddy lists its document and deposition topic requests, followed by Google's verbatim broad objections:

### A. Go Daddy's Document Requests

DOCUMENT REQUEST NO. 1:

All DOCUMENTS, ESI, COMMUNICATION, and/or other data

2

REFERRING OR RELATING TO GOOGLE's decisions to "fail list" any website or parked page for any of the domain names listed in Exhibit 1 attached hereto.

DOCUMENT REQUEST NO. 2:

DOCUMENTS sufficient to evidence all revenues generated for each of the domain names listed in Exhibit 1 attached hereto from January 1, 2005 to present, including the dates on which such revenues were generated.

DOCUMENT REQUEST NO. 3:

DOCUMENTS sufficient to evidence all revenues retained by GOOGLE relating to GODADDY's PARKED PAGE PROGRAMS for each year from 2005 to present.

DOCUMENT REQUEST NO. 4:

DOCUMENTS sufficient to evidence all revenues generated by GOOGLE's ADSENSE program for each year from 2005 to present.

DOCUMENT REQUEST NO. 5:

DOCUMENTS sufficient to evidence GOOGLE's rules and regulations for domain names participating in GOOGLE's ADSENSE program from 2005 to present, including GOOGLE's rules and regulations regarding the content, format, and/or number of ads.

DOCUMENT REQUEST NO. 6:

DOCUMENTS sufficient to describe GOOGLE's policies and procedures regarding trademark and/or cybersquatting complaints within GOOGLE's ADSENSE program, including GOOGLE's policies and procedures relating to its response to trademark and/or cybersquatting complaints from 2005 to present.

DOCUMENT REQUEST NO. 7:

DOCUMENTS sufficient to describe GOOGLE's methodologies for determining whether a domain name within GOOGLE's ADSENSE program infringes another's trademark from 2005 to present.

///

**DOCUMENT REQUEST NO. 8:**

DOCUMENTS sufficient to describe any filtration processes and/or systems used in GOOGLE's ADSENSE program to filter domain names that potentially infringe another's trademark from 2005 to present.

**DOCUMENT REQUEST NO. 9:**

DOCUMENTS sufficient to describe GOOGLE's policies and procedures relating to the termination of a domain name's participation in the ADSENSE program from 2005 to present.

**DOCUMENT REQUEST NO. 10:**

DOCUMENTS sufficient to evidence the description(s) and/or explanation(s) GOOGLE provided to participants in its ADSENSE program relating to GOOGLE's classification of domain names and/or parked pages from 2005 to present.

**DOCUMENT REQUEST NO. 11:**

DOCUMENTS sufficient to evidence the description(s) and/or explanation(s) GOOGLE provided to participants in its ADSENSE program relating to the use of keywords to produce relevant ads on participants' parked pages from 2005 to present.

**DOCUMENT REQUEST NO. 12:**

DOCUMENTS sufficient to describe GOOGLE's method(s) for determining which pay-per-click ads supplied by GOOGLE appear on parked pages in GODADDY's PARKED PAGE PROGRAMS.

**DOCUMENT REQUEST NO. 13:**

All DOCUMENTS, ESI, COMMUNICATIONS, and/or other data REFERRING OR RELATING TO all agreements, understandings, deals, and/or arrangements, financial or otherwise, between GOOGLE and the Academy of Motion Picture Arts and Sciences.

///

///

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

DOCUMENT REQUEST NO. 14:

All DOCUMENTS, ESI, and/or other data REFERRING OR RELATING TO all COMMUNICATIONS between GOOGLE and the Academy of Motion Picture Arts and Sciences.

DOCUMENT REQUEST NO. 15:

DOCUMENTS sufficient to evidence the decision by GOOGLE to stop supporting hosted domains within GOOGLE's ADSENSE program.

### B. Google's General Objections to Go Daddy's Document Requests

The following is the verbatim blanket objections asserted by Google in its letter response to Go Daddy:

"Google objects to the requests contained in the document subpoena as overbroad, burdensome, and seeking information that is neither relevant to, nor likely to lead to the discovery of evidence relevant to, any cause of action in the litigation at issue.

Google further objects to the requests to the extent they seek information already in Plaintiff's possession or available to Plaintiff from some other source that is more convenient, less burdensome or less expensive, including information available to Plaintiff from public sources. This means that if you are seeking account or other information from Google that is equally available from a party in the litigation, Google objects to that request on that basis. Google also objects to the requests to the extent they seek information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order. Google objects to the extent the protective order in this action fails to provide adequate protections for material sought from Google.

Google further objects to the requests to the extent they seek information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege,

immunity, or restriction on discovery. We also object to the requests to the extent that they are irrelevant, overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google. Google objects to the requests to the extent that they seek information that is not relevant or reasonably likely to lead to the discovery of admissible evidence. Google objects to the requests to the extent that they seek private information. Google also objects to the requests to the extent that they seek production of documents that is otherwise prohibited by law."

### C. Go Daddy's Deposition Topic Requests

DEPOSITION TOPIC NO. 1:

GOOGLE's ADSENSE program, including from 2005 to present, the mechanics of the program (i.e. how the program operates), the Terms of Service required for the participation in the ADSENSE program, all rules and regulations pertaining to the ADSENSE program, all policies and procedures in place relating to the ADSENSE program, and the annual revenues generated by the ADSENSE program.

DEPOSITION TOPIC NO. 2:

GOOGLE's monetization of domain names through GOOGLE's ADSENSE program.

DEPOSITION TOPIC NO. 3:

The revenues generated for each of the domain names listed in Exhibit 1 attached hereto from January 1, 2005 to present, including the manner in which those revenues were calculated, the dates on which such revenues were generated, the distribution of any portion of those revenues to any PERSON, and the amount of revenues retained by GOOGLE.

DEPOSITION TOPIC NO. 4:

The annual revenues retained by GOOGLE relating to GODADDY's PARKED PAGE PROGRAMS for each year from 2005 to present.

**DEPOSITION TOPIC NO. 5:**

GOOGLE's policies and procedures relating to trademarks and/or cybersquatting complaints within or associated with GOOGLE's ADSENSE program.

**DEPOSITION TOPIC NO. 6:**

The methodologies employed by GOOGLE since 2005 to determine whether a domain name within GOOGLE's ADSENSE program infringes another' trademark.

**DEPOSITION TOPIC NO. 7:**

Any filtration processes and/or systems used by GOOGLE since 2005 in its ADSENSE program to filter, fail-list, or otherwise prevent domain names that potentially infringe another's trademark from participating in GOOGLE's ADSENSE program.

**DEPOSITION TOPIC NO. 8:**

GOOGLE's method(s), process(es), and procedure(s) for determining which pay-per-click ads supplied by GOOGLE appear on parked pages in GODADDY's PARKED PAGE PROGRAMS.

**DEPOSITION TOPIC NO. 9:**

All agreements, understandings, deals, and/or arrangements, financial or otherwise, between GOOGLE and the Academy of Motion Pictures Arts and Sciences.

**DEPOSITION TOPIC NO. 10:**

Any agreements between GOOGLE and GODADDY relating to GOOGLE's ADSENSE program.

**DEPOSITION TOPIC NO. 11:**

The search for, collection, and production of DOCUMENTS responsive to any subpoena issued to GOOGLE in this action.

///

### D. Google's General Objections to Go Daddy's Deposition Topic Requests

The following is the verbatim blanket objections asserted by Google in its letter response to Go Daddy:

"1. Google objects to the subpoena to appear for a deposition on the grounds that it imposes an undue burden on Google, a non-party, to appear as a witness. Google also objects to the subpoena to appear for a deposition on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case.

2. Google objects to the subpoena to appear for a deposition on the grounds it is vague, overbroad, duplicative, cumulative, unduly burdensome, and oppressive. Google objects to the subpoena to appear for a deposition to the extent that the subpoena is abusively drawn and served for the purpose of annoying and harassing Google, a non-party.

3. Google objects to the Topics to the extent they seek testimony that has been, or could be, obtained from any of the parties to the underlying litigation or by less burdensome means.

4. Google objects to the Topics on the grounds that they impose an undue burden and demand that Google, a non-party, appear as a witness at its own expense. To the extent that Google appears as a witness pursuant to the subpoena, Google shall only do so upon compensation for costs, including attorney fees, related to the deposition.

5. Google objects to the Topics to the extent they seek testimony that contains, or may contain, trade secrets, or other confidential business or commercial information entitled to protection under applicable common law, statutes or rules. Google objects to the extent that any Stipulated Protective Order entered in the case does not provide sufficient protection for the information sought from Google.

6. Google objects to the Topics to the extent they seek testimony protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. To the extent that Google testifies in response to the Topics, Google will not testify as to anything protected by such privileges or immunities, and any inadvertent disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

7. Google objects to the Topics to the extent they seek information that is not within Google's knowledge.

8. Google objects to the Topics to the extent that they are vague, overbroad or unduly burdensome.

9. Google objects to the Topics to the extent that they call for testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. Google objects to the Topics to the extent that they seek testimony or impose obligations beyond what is permissible under the Federal Rules of Civil Procedure or any applicable local rules.

11. Google objects to the Topics to the extent they seek testimony concerning a large range of topics in only a short time frame for providing the testimony. To the extent that Google appears as a witness pursuant to the subpoena, Google shall do so at a mutually agreeable time and place.

12. Google objects to the Topics to the extent they seek disclosure of private information.

13. Google objects to the Topics to the extent they seek disclosure of information that is otherwise prohibited by law."

## IV. GO DADDY'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37-1(A)

Go Daddy hereby certifies that it has in good faith conferred with Google in an effort to obtain the discovery described immediately above without Court action.

Go Daddy's efforts to resolve this discovery dispute without Court intervention are described in the Declaration of Aaron M. McKown in Support of GoDaddy, Inc.'s Motion to Compel Discovery of Documents and Deposition Testimony from Non-Party Google, Inc. ("McKown Decl.") and exhibits attached thereto, submitted concurrently herewith.

Dated: August 22, 2012

**WRENN BENDER LLLP**

By: /s/ Aaron M. McKown
Aaron M. McKown
Attorneys for Defendants
GODADDY.COM, INC. and DOMAINS BY PROXY, INC.