1  LEE TRAN & LIANG, APLC
2    James M. Lee (CA Bar No. 192301)
     Enoch H. Liang (CA Bar No. 212324)
3  601 South Figueroa Street, Suite 4025
   Los Angeles, CA 90017
4  Telephone: (213) 612-3737
5  Facsimile:  (213) 612-3773
   *Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences*
6
7  [additional counsel listed on signature page]

8
9                **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ACADEMY OF MOTION PICTURE       )   Case No.  5:12-mc-80192-EJD
    ARTS AND SCIENCES, a California )
13  nonprofit corporation,          )   Underlying Civil Action Pending in
                                     )   U.S. District Court for the Central
                                     )   District of California, Case No. 2:10-cv-
14           Plaintiff,             )   03738-ABC-CW
         v.                          )
15                                   )
    GODADDY.COM, INC., a Delaware    )
16  corporation; THE GODADDY GROUP   )   **PLAINTIFF'S NOTICE OF**
    INC.; a Delaware Corporation;    )   **MOTION AND MOTION TO**
17  DOMAINS BY PROXY, INC., a        )   **COMPEL DEPOSITION 30(B)(6)**
    Delaware Corporation;            )   **TESTIMONY FROM NON-PARTY**
    GREENDOMAINMARKET.COM, an        )   **GOOGLE, INC.**
18  unknown entity; BDS, an unknown  )
    entity; and XPDREAMTEAM LLC, a   )   Hearing
19  California limited liability corporation, )
                                     )   DATE:  October 2, 2012
20           Defendants.            )   TIME:   10:00 a.m.
                                     )   CTRM:  5, San Jose Courthouse
21                                   )
                                     )   **Honorable Paul S. Grewal**
22                                   )
                                     )
23                                   )
                                     )
24
25
26
27
28

**TO DEFENDANTS, NON-PARTY GOOGLE, INC., AND THEIR
ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 2, 2012 at 10:00am, or as soon thereafter as the matter may be heard in Courtroom 5, in the United States District Court for the Northern District of California located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Academy of Motion Picture Arts and Sciences, Inc. ("AMPAS" or "Plaintiff") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure Rule 45, for an order compelling Google, Inc. to comply with the deposition subpoena issued from this Court and appear to provide deposition testimony on the topics specified in Plaintiff's Notice of 30(b)(6) Deposition of Google, Inc.

This Motion is made pursuant to Federal Rules of Civil Procedure Rules 45, 37, and 30.  This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Enoch Liang, all pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented at or before the hearing on this Motion.

This Motion is made after the conference of counsel, pursuant to Northern District Local Rule 37-1.  Plaintiff conferred in good faith with Google several times in an effort to obtain the discovery below without Court intervention.  *See* Declaration of Enoch Liang ("Liang Decl."), ¶¶6-10.  Indeed, the reason that Plaintiff waited until now to bring this motion to compel is that Plaintiff attempted to exhaust all other avenues of discovery—including from Defendant GoDaddy— until bringing this motion to compel.  *Id.*, ¶11.  The fact discovery cut-off in the underlying action is September 25, 2012, necessitating this motion now.

## I.    RELIEF REQUESTED

The relief sought by Plaintiff Academy of Motion Picture Arts and Sciences ("Plaintiff" or "AMPAS") via this motion includes the following:

*An Order compelling Google to appear for the FRCP 30(b)(6) deposition commanded by subpoena properly served on April 26, 2011.*

On June 27, 2012, Defendant GoDaddy.com, Inc. also served a deposition subpoena on Google, demanding documents and a deposition on July 30, 2012. Google did not appear for deposition in response to that subpoena either.   On August 22, 2012, GoDaddy moved to compel against Google, and was assigned this Case No. 5:12-mc-80192-EJD.  For the convenience of the Court, Plaintiff is using the same miscellaneous case number and hearing date as GoDaddy.

For the convenience of non-party Google, Plaintiff also requests that its deposition of Google be set on the same day or the day before GoDaddy's deposition of Google.

## II.    STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided are:

*Whether Google must provide 30(b)(6) witness(es) for testimony regarding the topics identified in the April 26, 2011 subpoena properly served by the Plaintiff on Google.*

## III.    CIVIL LOCAL RULE 37-2 STATEMENT

Civil L.R. 37-2 requires Plaintiff to set forth each request in full, followed immediately by the objections and/or responses thereto.  Because Google did not provide specific objections and responses to each deposition topic, Plaintiff first sets forth each deposition topic, followed by Google's general objections and responses.[1]

---

[1] During the meet and confer process, Plaintiff and Google discussed additional

## A. __Plaintiff's Verbatim 30(b)(6) Deposition Topics__

1. Any discussions and/or negotiations between GODADDY and GOOGLE about GODADDY'S PARKED PAGE PROGRAMS, including, but not limited to any discussions and/or negotiations about the use of ADSENSE in GODADDY'S PARKED PAGE PROGRAM.

2. Any discussions or communications between GOOGLE and GODADDY referring or relating to the PATENT APPLICATION or any other methods or processes to prevent trademark infringement in the ADSENSE program.

3. Any discussions or communications between GOOGLE and GODADDY referring or relating to the GODADDY AGREEMENT.

4. Any discussions or communications between GOOGLE and GODADDY referring or relating to domain names that incorporate third party trademarks and are placed in GODADDY'S PARKED PAGE PROGRAM.

5. Whether and to what extent GOOGLE has knowledge that domain names in the ADSENSE program, GODADDY'S PARKED PAGE PROGRAM, or similar page parking programs may or do incorporate third party trademarks.

6. Whether and to what extent GOOGLE marketed or promoted ADSENSE in connection with GODADDY'S PARKED PAGE PROGRAMS.

specific topics in detail.  Those are discussed further in the accompanying memorandum of points and authorities.

7. The process or method by which advertisements and sponsored links are selected and placed on domain names within GODADDY'S PARKED PAGE PROGRAMS, including domain names incorporating the term "OSCAR," "OSCARS," "ACADEMY AWARD," or "ACADEMY AWARDS."

8. The amount of annual revenue that GOOGLE has shared with GODADDY in connection with GODADDY'S PARKED PAGE PROGRAMS for the years 2005, 2006, 2007, 2008, 2009, and 2010.

9. The authenticity of all DOCUMENTS produced pursuant to the Subpoena To Produce Documents, Information, Or Objects served concurrently herewith on GOOGLE by The Academy of Motion Picture Arts and Sciences.

**B. Google's Verbatim General Responses and Objections**

1. Google objects to the subpoena to appear for a deposition on the grounds that it imposes an undue burden on Google, a non-party, to appear as a witness. Google also objects to the subpoena to appear for a deposition on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case.

2. Google objects to the subpoena to appear for a deposition on the grounds it is vague, overbroad, duplicative, cumulative, unduly bordensome, and oppressive. Google objects to the subpoena to appear for a deposition to the extent that the subpoena is abusively drawn and served for the purpose of annoying and harassing Google, a non-party.

3.   Google objects to the Topics to the extent they seek testimony that has been, or could be, obtained from any of the parties to the underlying litigation or by less burdensome means.

4.   Google objects to the Topics on the ground that they impose an undue burden and demand that Google, a non-party, appear as a witness at its own expense.  To the extent that Google appears as a witness pursuant to the subpoena, Google shall only do so upon compensation for costs, including attorney fees, related to the deposition.

5.   Google objects to the Topics to the that any Stipulated Protective Order entered in the case does not provide sufficient protection for the information sought from Google.

6.   Google objects to the Topics to the extent they seek testimony protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  To the extent that Google testifies in response to the Topics, Google will not testify as to anything protected by such privileges or immunities, and any inadvertent disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

7.   Google objects to the Topics to the extent they seek information that is not within Google's knowledge.

8.   Google objects to the Topics to the extent that they vague, overbroad or unduly burdensome.

9. Google objects to the Topics to the extent that they call for testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. Google objects to the topics to the extent that it seek testimony or impose obligations beyond what is permissible under Federal Rules of Civil Procedure or any applicable local rules.

11. Google objects to the Topics to the extent they seek testimony concerning a large range of topics in only a short time frame for providing the testimony. To the extent that Google appears as a witness pursuant to the subpoena, Google shall do so at a mutually agreeable time and place.

12. Google objects to the Topics to the extent they seek disclosure of private information.

13. Google objects to the Topics to the extent they seek disclosure of information that is otherwise prohibited by law.

Google requests the opportunity to meet and confer to determine the scope and applicability of the above objections.

Google objects to the requests in the subpoena to the extent they seek information already in Plaintiff's possession or available to Plaintiff from some other source that is more convenient, less burdensome or less expensive, including information available to plaintiff from public sources. This means that if you are seeking account or other information from Google that is equally available from a party in the litigation, Google objects to that request on that

basis.  Google also objects to the requests to the extent they seek information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.  While Google does not require a protective order for production of its non-confidential information, Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it deems suitable for the protection of its confidential information.  Please provide a confidentiality agreement or protective order if you intend to seek confidential documents of Google in your requests, as we will not produce confidential information without entry of a protective order that we deem suitable to protect the confidentiality of our documents.

Google further objects to the requests to the extent they seek information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  We also object to the requests to the extent that they are irrelevant, overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google, Google objects to the requests to the extent that they seek information that is not relevant or reasonably likely to lead to the discovery of admissible evidence.  Google objects to the request to the extent that they seek private information.  Google also objects to the requests to the extent that they seek production of documents that is otherwise prohibited by law.

DATED:  August 27, 2012                    By: /s/ Enoch Liang

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com

David Nelson (*pro hac vice*)
dnelson@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
David I. Michaels (SBN 276100)
dmichaels@bsfllp.com
225 Santa Monica Blvd., 11th Fl.
Santa Monica, CA 90401
Tel:  310-395-5800
Fax:  310-578-7898

LEE, TRAN & LIANG APLC
James M. Lee (SBN 192301)
jml@ltlcounsel.com
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-3737
Fax: 213-612-3773

FOOTE, MEYERS, MIELKE
& FLOWERS LLC
Robert M. Foote (*pro hac vice*)
rmf@foote-meyers.com
Kathleen Chavez (*pro hac vice*)
kchavez@foote-meyers.com
Matthew Herman (*pro hac vice*)
mherman@foote-meyers.com
30 North LaSalle Street, Suite 2340
Chicago, IL 60602
Tel: 630-232-6333
Fax: 630-845-8982

*Attorneys for Plaintiff*