DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Non-Party
GOOGLE INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. 5:12-mc-80192-EJD<br><br>**NON-PARTY GOOGLE INC.'S OBJECTION TO SUPPLEMENTAL BRIEFING**<br><br>Judge:  Honorable Paul Singh Grewal |

Google Inc. ("Google") objects to The Academy of Motion Picture Arts and Sciences' ("AMPAS") Notice of Change of Scheduling Order (Dkt. No. 17) to the extent it constitutes an unauthorized surreply.  Local Rule 7-3 provides that, once a reply is filed, no additional papers may be filed without prior Court approval, other than objections to reply evidence, or--**before** the noticed hearing date--notice of "a relevant judicial opinion, published after the date of the party's last filing, "containing a citation to and providing a copy of the new opinion—**without argument**" (emphasis added).

Even if (1) AMPAS's filing had preceded oral argument, and (2) the parties' post-argument stipulation and order constituted a "relevant judicial opinion," AMPAS's argument and characterization of that stipulation violates Rule 7-3.  Specifically, Google objects to AMPAS's characterization of the reason for the Central District's approval of that stipulation.  The order contains no such expression of the court's reasons.  Rather, the court simply signed off on, without comment, the parties' stipulation.  Moreover, that stipulation and order did not extend the only relevant deadline:  it extends expert and trial dates, but does not extend the fact discovery cutoff, which has come and gone.

Google also objects to AMPAS's argument, at Paragraph 3, that the post-argument extension of the discovery cutoff will provide adequate time to prepare for and conduct a deposition.  That argument also violates Rule 7-3.  Had AMPAS and GoDaddy wished to make such an argument timely, they could easily have sought the Central District's approval of a stipulation extending their trial dates before the hearing of the instant motion.  They did not do so.

Dated:  October 17, 2012                                         DURIE TANGRI LLP

                                                                 By:    */s/ Michael H. Page*
                                                                           MICHAEL H. PAGE

                                                                 Attorneys for Non-Party
                                                                 GOOGLE INC.

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on October 17, 2012 with a copy of this document via the Court's CM/ECF system.

 */s/ Michael H. Page*
Michael H. Page

Attorneys for Non-Party
GOOGLE INC.